UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BENNETT ENGINEERING GROUP,
INC., and LAWRENCE E. BENNETT,**

    Plaintiffs,

v.                                         Case No.  8:11-cv-493-T-30MAP

**ASHE INDUSTRIES, INC., SUNCOAST
ARCHITECTURE & ENGINEERING,
LLC., CLARK H. SCHERER, JR., and
G. MAURICE BLAKEMAN,**

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendants Ashe Industries, Inc. ("Ashe") and Suncoast Architecture & Engineering, LLC's ("Suncoast") Motion to Dismiss Certain Counts of Amended Complaint, or, in the Alternative, For More Definite Statement (Dkt. 37) and Plaintiffs' Response in opposition (Dkt. 40).  Upon consideration, the Court concludes the motion should be denied.

### Background

Bennett is professional engineer who designs aluminum structures in Florida.  Since at least 1994, Bennett has been creating original aluminum structure designs for use by professional contractors and other authorized users.  Over the course of five years, Bennett created a manual of engineered aluminum structure designs bearing his professional stamp,

which an authorized user could customize to site-specific requirements for submission to the local building departments. Bennett also created sections within these manuals that were supplier-specific so that the particular alloys a supplier might use or the particular physical characteristics of the materials a manufacturer might supply could be custom incorporated into Florida-Building-Code-compliant aluminum structures by authorized users. Bennett continually creates updated design manuals. Around October 2007, Bennett sold all of his right, title, and interest in certain intellectual property assets, including the copyrights to the aluminum structure design manuals, to BEG.

On or about July 29, 2008, BEG contracted with Ashe to provide a supplier-specific section to the aluminum structures design manual for Ashe's use. BEG provided that section to Ashe around December of 2008. In February of 2009, Bennett and other representatives of BEG visited Ashe's offices to explain how to use the design manual. At that time, a BEG representative provided a copy of the design manual on CD to a representative of Ashe.

In January 2010, Plaintiffs became aware that Suncoast and Clark H. Scherer, Jr., a professional engineer in Florida, submitted pages copied from the design manual, or derivative works created from the design manual, to the Indian River County, Florida Building Department. Many of the pages submitted by these Defendants had been altered to replace the professional stamp of Bennet with the professional stamp of Suncoast, and bore the signature of Scherer. At least one of the pages submitted, still bore the name and professional stamp of Bennett but was signed by Scherer.

In January 2010, Plaintiffs became aware that Suncoast, Ashe, and Scherer acted in concert to create derivative works from, reproduce, display, and publicly distribute designs from the design manual, in a work entitled Master Design Manual for Screened Enclosures 2010 Edition. At the time Plaintiffs became aware of this Master Design manual, counsel for Plaintiffs corresponded with Suncoast, Ashe, and Scherer to give notice of the alleged copyright infringement and to demand Defendants cease the infringement, destroy all copies of the infringing material, provide information regarding the extent fo the infringement, and to account to the Plaintiffs for infringement.

In May 2010, Plaintiffs became aware that Suncoast and G. Maurice Blakeman, a licensed architect in Florida, submitted a page copied from the design manual or a derivative work created from the design manual to the Sarasota County, Florida Building Department. The page submitted had been altered to replace Bennett's professional stamp with Suncoast's professional stamp, and bore Blakeman's signature.

Plaintiffs filed this action alleging various counts stemming from Defendants' alleged infringement of Bennett Engineering Group, Inc.'s ("BEG") copyrights in the creative works of BEG, unauthorized publication of Lawrence E. Bennett's name, violations of the Digital Millennium Copyright Act and Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). Defendants move to dismiss Plaintiffs' counts for the unauthorized publication of Bennett's name and violations of FDUPTA. Though titled as a motion in the alternative, Defendants also appear to request a more definite statement of Plaintiffs' copyright infringement counts.

**I.      Motion to Dismiss**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### A.   Count Four--Unauthorized Publication of Bennett's Name under Fla. Stat. 540.08

Plaintiffs allege Defendants Suncoast and Scherer submitted altered and fraudulent documents to the Indian River County Building Department, in which Bennett's professional stamp was replaced with Suncoast's professional stamp and Scherer's signature. Allegedly among those documents was at least one page on which remained Bennett's name and professional stamp.

Defendant moves to dismiss Count Four arguing that the unauthorized publication of Bennett's name is *de minimus* and "simply too insignificant to merit litigation." This argument lacks merit. The cases cited by Defendant to support their argument are completely unrelated to the type of claim asserted here.[1] The motion to dismiss Count Four is denied.

### B.   Count Six--Violation of FDUPTA

FDUPTA provides a cause of action against a party who has engaged in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The elements of the cause of action are not defined in the statute. But the statute provides that "due consideration and great weight" be given to interpretations by the Federal Trade Commission

---

[1] In *Yasir v. Singletary*, 861 So.2d 460 (Fla. 5th DCA 2003), the court affirmed the lower court's denial of Plaintiff's motion to reopen his lawsuit for the purpose of obtaining a refund of $7.50 in copy fees. In *Hall v. Neal*, 2007 WL 201094 (M.D. Fla 2007), Plaintiff brought a § 1983 action for excessive force. The Court granted summary judgment for Defendant finding that the force alleged was *de minimus* and therefore did not support a claim for excessive force.

and federal courts. Fla. Stat. § 504.204(2). Federal decisions provide that 'a deceptive practice is one that is likely to mislead consumers.'" *Jovine v. Abbott Labs., Inc.*, 2011 U.S. Dist. LEXIS 39702 (S.D. Fla. Apr. 12, 2011) (quoting *Davis v. Powertel*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000)). The Fourth District Court of Florida has held that an unfair practice is one that "offends established public policy and one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Yachting Promotions, Inc. v. Broward Yachts, Inc.*, 792 So.2d 600, 664 (Fla. 4th DCA 2001).

Defendants contend Plaintiffs fail to adequately allege deceptive or unfair acts. Defendant refer to only one "vague statement" in which Plaintiffs allege, upon information and belief, that Defendants infringed in an attempt to steal Plaintiffs' customers. However, throughout the factual allegations of the complaint, which are incorporated by reference into Count Six, Plaintiffs allege a variety of acts that may be deceptive or unfair trade practices. Those allegations support Plaintiffs' claim for violations of FDUPTA. The motion to dismiss Count Six is denied.

**II.     Motion for More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored. *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993). The pleading requirements of the Federal Rules are very liberal and a short and plain statement of the

claim will suffice. *See Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F.Supp. 606, 608 (S.D. Fla. 1996). A motion for a more definite statement "should only be granted when the pleading to which the motion is directed is so ambiguous and vague that a party cannot reasonably be expected to respond." *Eye Care Int'l, Inc. V. Underhill,* 92 F.Supp. 2d 1310, 1316 (M.D. Fla. 2000).

It appears that Defendants seek a more definite statement with regards only to Plaintiffs' claims for copyright infringement against Defendant Ashe. Defendants assert that "the claim is simply incomprehensible with respect to the alleged infringement, such that defendants cannot effectively respond." To the contrary, the Amended Complaint is very specific with regard to the alleged infringement. In paragraph 46 of the Amended Complaint, Plaintiffs list the names and copyright registration numbers of the allegedly infringed works. Plaintiffs also allege how those works were infringed by Ashe in paragraph 23 of the Amended Complaint. The Amended Complaint is not so ambiguous that Defendants cannot reasonably respond.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Ashe Industries, Inc. and Suncoast Architecture & Engineering, LLC's Motion to Dismiss Certain Counts of Amended Complaint, or, in the Alternative, For More Definite Statement (Dkt. 37) is DENIED.

      2.      Defendants shall file a responsive pleading within twenty (20) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-493.mtd 37.frm