UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNETT ENGINEERING
GROUP, INC., a Florida corporation,
and LAWRENCE E. BENNETT,

    Plaintiffs,

vs.                                         Case No.     **8:11-cv-493-T-30MAP**

ASHE INDUSTRIES, INC.,
a Florida corporation,
SUNCOAST ARCHITECTURE &
ENGINEERING, LLC, a Florida
limited liability company,
CLARK H. SCHERER, JR., and
G. MAURICE BLAKEMAN,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
## AS TO DEFENDANT ASHE INDUSTRIES, INC.

THIS CAUSE came before the Court on Plaintiff, Bennett Engineering Group, Inc.'s (hereinafter referred to as "Plaintiff"), motion for default judgment (Dkt. #82). On August 11, 2011, this Court denied Defendant, Ashe Industries, Inc.'s (hereinafter "Ashe"), Motion to Dismiss Certain Counts of Amended Complaint or in the Alternative for More Definite Statement, and thus, required Ashe to file a responsive pleading within twenty (20) days of the date of the order (See Order, Doc. 61). Ashe has failed to file a responsive pleading to the Amended Complaint as required by the order.

1

After careful consideration of the Motion for Default Judgment, the affidavits and declarations filed in support of the motion, the documentation of the record and in taking the allegations of the Amended Complaint as admitted, the Court will enter a final default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). Accordingly, it is:

**ORDERED AND AJUDGED** that Plaintiff's Motion for Default Judgment (Dkt. #82) is **GRANTED** as follows:

1. Ashe, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons in active participation with it (*not* including other party Defendants in this case) who learn of this Order through personal service or otherwise, are permanently enjoined from:

    a) Copying, posting, or making any other infringing use or infringing distribution of aluminum structures design works, photographs, or other materials owned by or registered to Plaintiff; and

    b) Using false and misleading descriptions of fact, or false and misleading representations of fact, in a manner that deceptively or unfairly competes with Plaintiff.

2. Ashe shall account for and produce to Plaintiff all of the infringing copies of Plaintiff's works, photographs, or materials, which are in Ashe's possession or under its control.

3. Ashe shall provide written notice to the Court and Plaintiff's counsel, within fifteen (15) days of the date of judgment, confirming that Ashe has permanently ceased all use of the Plaintiff's works, photographs, or materials, which are in Ashe's possession or under its control.

4. The final default judgment will be entered in favor of Plaintiff and against Ashe in conformity with this Order pursuant to Federal Rule of Civil Procedure 58.

5. The terms of this Order shall *not* apply to the other party Defendants in this case, including Defendant Suncoast Architecture & Engineering, LLC, Defendant Clark H. Scherer, Jr., and Defendant G. Maurice Blakeman.

6. All pending motions of Ashe, not otherwise ruled upon, are **DENIED AS MOOT**.

**DONE and ORDERED** in Tampa, Florida on February 15, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-493.mdj.doc

3